# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS WEST, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 1997-243-JHP-KEW |
| RON CHAMPION, Warden, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

On April 22, 1997, petitioner filed this petition for a writ of habeas corpus, challenging his conviction for First Degree Murder in Case No. CFR-90-15 in the District Court of Murray County [Docket #1]. The Magistrate Judge entered his Findings and Recommendation that the petition be denied [Docket #20], and the District Judge affirmed and adopted the Magistrate Judge's Findings and Recommendation on September 27, 2000 [Docket #24]. The Tenth Circuit Court of Appeals affirmed in Case No. 2000-7119 (10th Cir. Oct. 15, 2003) [Docket #29], *cert. denied*, 541 U.S. 1014 (2004).

On January 20, 2009, petitioner filed a motion to alter or amend this court's judgment, pursuant to Fed. R. Civ. P. 60(b)(4) or (6) [Docket #31]. He subsequently filed a second motion to alter or amend judgment on February 19, 2009 [Docket #35], which appears to be essentially the same as the first. In both motions he is attempting to relitigate whether a claim under Ground VII of his habeas corpus petition was procedurally barred.

Rule 60(b) allows for relief from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60 allows for relief from a final judgment or order, but the timing and effect of the motion must be considered. "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Petitioner is seeking relief under Rule 60(b)(4), "which provides relief from void judgments, [and] 'is not subject to any time limitation.'" *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994) (quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.9 (10th Cir. 1979)). He also requests relief under Rule 60(b)(6), the "any other reason" portion of the statute. Here, the order or judgment at issue was entered on September 27, 2000, more than eight years before petitioner filed his motions.

> A judgment is not void merely because it is or may be erroneous. For a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it. If found at all, voidness usually arises for lack of subject matter jurisdiction or jurisdiction over the parties. It may also arise if the court's action involves a plain usurpation of power or if the court has acted in a manner inconsistent with due process of law. In the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted.

*V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224-25 (10th Cir. 1979) (citations and footnotes

omitted).

Petitioner is not alleging a jurisdictional problem with this court's decision; instead, he is claiming the court erroneously found one of his claims was procedurally barred. The Tenth Circuit has held that "a judgment may be void for purposes of Rule 60(b)(4) if entered in a manner inconsistent with due process." *Orner*, 30 F.3d at 1310. This court finds that in petitioner's case, however, "fundamental procedural prerequisites--particularly, adequate notice and opportunity to be heard--were fully satisfied." *Id*. Petitioner did not raise any specific objection to the Magistrate Judge's finding that there was a procedural bar to the claim concerning his alleged post-traumatic stress disorder [Docket # 21]. He also failed to challenge the procedural bar to the claim in his appeal to the Tenth Circuit. *West v. Champion*, No. 2000-7119, slip op. at 3 ("Counsel does not address the district court's conclusion that many of Mr. West's claims are procedurally barred.")" The court, therefore, finds the requirements of due process were met, and the judgment is not void. To the extent petitioner is seeking relief under Rule 60(b)(6), the court finds he has failed to articulate his grounds for relief, and he clearly has exceeded the "reasonable time" allowed by the statute for filing the motion.

**ACCORDINGLY,** petitioner's motions to alter or amend judgment [Docket #31 and #35] are DENIED, and his motion for summary judgment [Docket #36] is DENIED as moot.

**IT IS SO ORDERED** this 23rd day of September 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma